UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **GUILHERME CAVALCANTE MOL #A221-476-583** | **CASE NO. 1:25-CV-02023 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ELEAZAR GARCIA ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### MEMORANDUM ORDER

Pending before the Court is a Motion for Temporary Restraining Order ("TRO") [Doc. No. 2] filed by Petitioner, Guilherme Cavalcante Mol ("Petitioner"). Respondents, U.S. Immigration & Customs Enforcement ("ICE"), Department of Homeland Security ("DHS"), Bruan Acuna, Todd Lyons, and Kristi Noem (collectively, "Respondents") oppose the Motion [Doc. No. 9]. While the Court recognizes that Petitioner was permitted to file a reply, the Court concludes that awaiting such a filing would unnecessarily delay proceedings in light of the adequacy of the initial arguments. After carefully considering Petitioner's filings and the applicable law, the Motion is **DENIED**.

I.  Background

Petitioner is a Citizen of Brazil who lawfully entered the United States on March 8, 2018, with a valid B-2 visitor visa.[1] His visa expired September 7, 2018.[2] On August 30, 2025, Petitioner was taken into ICE custody while traveling through

---
[1] [Doc. No. 1, p. 6].
[2] [Doc. No. 1-1, p. 3].

Page **1** of **6**

Pittsburgh, Pennsylvania without a warrant following a stop for driving without a valid driver's license.[3] Petitioner is married to a U.S. citizen and has a Form I-130, Petition for Alien Relative, pending with U.S. Citizenship and Immigration Services ("USCIS"), as well as a Form I-485, Application to Adjust Status.[4]

DHS issued a Notice to Appear charging Petitioner under INA § 237(a)(1)(B) as a visa overstay on the same day of his arrest.[5] On October 23, 2025, the Immigration Judge denied Petitioner's custody redetermination request, stating the court lacked jurisdiction to consider a bond hearing.[6] The Immigration Judge also found that Petitioner posed a danger to the community.[7] On November 21, 2025, after Petitioner submitted a renewed request for custody redetermination, a second Immigration Judge refused to consider Petitioner's eligibility for bond stating that the court lacked jurisdiction to adjudicate custody.[8] Petitioner's removal case was set for an expedited individual hearing on December 19, 2025.[9]

The parties have briefed all relevant issues, and the matter is ripe.

## II.     Law and Analysis

Federal courts may issue a TRO *ex parte* or after notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

---

[3] [Doc. No. 1, p. 6].
[4] [Id. at pp. 6–7].
[5] [Id. at p. 7].
[6] [Id.].
[7] [Id.].
[8] [Id.].
[9] [Id. at p. 8].

>  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

A TRO, however, may be treated as a preliminary injunction when the adverse party has sufficient notice. *See Butts v. Aultman*, 953 F.3d 353, 361 n.6 (5th Cir. 2020) ("[I]f there is an adversary hearing, or the order is entered for an indeterminate length of time, [a] 'temporary restraining order' may be treated as a preliminary injunction.") (quoting 11A *Wright & Miller's Federal Practice and Procedure* § 2951 (3d ed. 2019)).

When considering whether to issue a preliminary injunction, lower courts must follow the four-part test from *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Parties "seeking a preliminary injunction must establish (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, *and* (4) that an injunction is in the public interest." *Id.* at 20 (citation modified).

The Supreme Court, very recently, reminded lower courts that PIs are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.

Rather, TROs and PIs help "preserve the status quo until a trial" or other final disposition is rendered. *Id.* at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65

or the *Winters* factors, it is implicit in the "irreparable harm" prong. Courts sometimes describe irreparable harm as those injuries, which "cannot be undone through monetary remedies." *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984) (citation omitted). But that is only one side of the coin. Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974); *see also* Samuel L. Bray, *The Purposes of the Preliminary Injunction*, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." *Callaway*, 489 F.2d at 573.

Here, Petitioner seeks the same relief in his underlying Habeas Petition and his Motion for preliminary relief—release from ICE custody or in the alternative a redetermination hearing.[10] Liberty is inarguably the most paramount natural right. And true, the Fifth Circuit has held even momentary loss of a right constitutes irreparable injury. *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 295 (5th Cir. 2012) (citation omitted) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). But context matters. In *Opulent Life Church*, the plaintiff leased property for a new church but was denied a renovation permit by the defendants. *Id.* at 283. In finding the defendant's act caused irreparable harm, the Fifth Circuit noted that the plaintiff

---

[10] [Doc. No. 1, pp. 11–12]; [Doc. No. 2, p. 6].

"will lose its lease if it is not allowed to operate in its leased property." *Id.* at 297. So, a final ruling on the merits is too little, too late. Again, the inquiry is whether something suggests a final ruling would not grant the plaintiff the prayed-for relief. *See Callaway*, 489 F.2d at 573.

Petitioner cannot show either that he faces imminent removal or the existence of something else that would make a favorable ruling on the Habeas Petition too little, too late. Petitioner's claims of irreparable harm or injury is that he is separated from his family, cannot work, and faces the constant stress and fear of indefinite detention and removal.[11] Respondents argue that the preliminary relief sought in the instant Motion—immediate release—mirrors the ultimate relief sought in the Habeas Petition and the arguments for both are the same and should be denied.[12] "Respondents should only be requires to substantively respond to the habeas petition, which requires a different legal standard than the preliminary relief sought herein , in accordance with normal habeas procedures of this Court."[13] Respondents further argue that the Court should not allow Petitioner to commit an end-run around the habeas process.[14] The Court agrees with Respondents. So, Petitioner's Motion fails.

The Court notes that these findings may change. If Respondents' actions change Petitioner's circumstances such that the Court could not eventually redress Petitioner's claims, preliminary relief might be appropriate. Accepting Petitioner's contention that any unlawful detention warrants preliminary relief would

---

[11] [Doc. No. 2, p. 5].
[12] [Doc. No. 9, p. 3].
[13] [Id.].
[14] [Id. at 2].

Page 5 of 6

circumvent the Congressionally-selected procedures set forth in the habeas statute, 28 U.S.C. § 2241. This Court declines to do so.

### III. Conclusion

For these reasons,

**IT IS ORDERED** that Petitioner's Motion for a TRO [Doc. No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Habeas Petition [Doc. No. 1] is referred to the Magistrate Judge.

MONROE, LOUISIANA, this 6th day of January 2026.

*[signature]*
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE