a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GUILHERME CAVALCANTE MOL #A221-476-583, Petitioner | CIVIL DOCKET NO. 1:25-CV-02023 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ELEAZAR GARCIA ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. 2241 filed by Petitioner Guilherme Cavalcante Mol ("Mol"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana. Mol challenges the legality of his detention.

Because Mol does not establish that this detention is unlawful, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I.    Background

Mol is a native and citizen of Brazil who arrived in the United States on March 8, 2018, as a B2 nonimmigrant visitor for pleasure. ECF No. 23-1 at 1. His authorization to remain in the United States expired on September 7, 2018, and Mol became a visa overstay. *Id.*

1

On August 30, 2025, Mol was encountered by immigration authorities when we was incarcerated at the Pittsburg County Jail in McAlester, Oklahoma.[1]  *Id.*

Mol was served with a Notice to Appear on August 30, 2025.  *Id.* at 2.  Mol received an initial custody determination under § 236 of the Immigration and Nationality Act ("INA") finding that he should be detained.  ECF No. 23-1 at 9.

On October 23, 2025, an immigration judge considered Mol's request for a custody redetermination under 8 C.F.R. § 1236.  ECF No. 23-1.  "After full consideration of the evidence presented," Mol's request for a change in custody status was denied for lack of jurisdiction, and because Mol was a danger to the community.[2]  *Id.* at 20.

On November 20, 2025, Mol married a United States citizen.  ECF No. 23-1 at 2.

On November 21, 2025, Mol had a master calendar hearing.  He requested another custody redetermination.  ECF No. 23-1 at 26.  "After full consideration of the evidence presented," the immigration judge denied Mol's request for lack of jurisdiction.  *Id.*

---

[1] Mol had been arrested by the Kiowa Police Department for speeding and driving with a revoked or suspended License, which is a misdemeanor.  The charges remain pending.  ECF No. 23-1 at 1.

[2] Mol has a criminal history that includes a December 5, 2019, arrest for domestic violence, where he was charged with assault and battery on a family or household member. This charge was dismissed for lack of prosecution on July 25, 2022.  Mol was also arrested on January 7, 2022, for disorderly conduct and disturbing the peace. These charges were also dismissed. Mol also has an active warrant for his arrest for failure to appear in Ohio.  ECF No. 23-1 at 1-2.

On December 3, 2025, Mol received an I-130 application from the United States Citizen and Immigration Service.  ECF No. 23-1 at 2.

Mol requested another custody redetermination.  On December 18, 2025, after "full consideration of the evidence presented," an immigration judge denied Mol's request for bond because there were "[n]o changed circumstances."  ECF No. 23-1 at 40.  That same date, Mol was ordered removed to Brazil.  *Id.* at 46.

Mol filed an appeal with the Board of Immigration Appeals, which remains pending.  ECF No. 23-1 at 1.

On February 9, 2026, a T8 was allocated for Mol's removal to Brazil.  *Id.* at 3. However, on February 10, 2026, the Court granted Mol's request for stay of deportation since the removal order was not final.  ECF No. 16.

## II.   Law and Analysis

The Government asserts that Mol is subject to mandatory detention pursuant to *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).  However, in *Buenrostro-Mendez,* the United States Court of Appeals for the Fifth Circuit specifically stated that "§ 1226(a) applies to admitted aliens who overstay their visas. . . ." *Buenrostro-Mendez*, 166 F.4th at 504-505; *see also Fabian-Granados v. Bondi*, 1:25-CV-2068, 2026 WL 90061, at *6 (W.D. Tex. Jan. 8, 2026) (where the Government argued that § 1226(a) applies only to visa overstays, and the court declined to limit § 1226(a) to overstays); *Mendoza-Menjivar v. Bondi*, 1:25-CV-2060, 2026 WL 89964, at *6 (W.D. Tex. Jan. 12, 2026) (same); *Lopez Benitez v. Francis*, 795 F.Supp.3d 475, 490 (S.D.N.Y. 2025) (finding that Congress did not intend § 1226 to be limited only to

visa overstays); *Palma v. Powell*, 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *4 (N.D. Ala. Mar. 12, 2026) (§ 1226 governs the detention of aliens who were admitted to the country but later become removable, for example, "'admitted aliens who overstay or violate the terms of their visas, engage in conduct that renders them removable, or were improperly admitted'") (quoting *Buenrostro-Mendez*, 166 F.4th at 499).

Therefore, even after *Buenrostro-Mendez*, visa overstays like Mol are detained under § 1226. And an alien detained under § 1226(a) is entitled to bond hearing. *See Chojolan Socorro v. Acuna*, 1:25-CV-1811 SEC P, 2026 WL 242707, at *2 (W.D. La. Jan. 29, 2026) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

In response to the Petition, the Government submits exhibits and sworn testimony that Mol had numerous bond hearings. ECF No. 23-1 at 1-3. Mol does not dispute this evidence in his Reply. ECF No. 24. According to the record before the Court, Mol received an initial custody determination under § 236 (codified at 8 U.S.C. § 1226) on August 30, 2026. ECF No. 23-1 at 9. Then, he received a bond hearing where an immigration judge denied bond after "full consideration of the evidence presented." ECF No. 23-1 at 20. [3] Mol does not allege that he was denied the right to present evidence at the hearing.

---

[3]Although a subsequent immigration judge found that it lacked jurisdiction to reconsider Mol's request for redetermination (ECF No. 23-1 at 26), another immigration judge, on December 18, 2025, denied bond after "full consideration of the evidence presented" because there were "[n]o changed circumstances" (ECF No. 23-1 at 40).

4

The immigration judge denied relief for lack of jurisdiction, and because Mol was a danger to the community.  ECF No. 23-1 at 20.  There is no reason to discount the second part of the immigration judge's holding.  *Singh v. Blanche, et al.,* 26-CV-311, 2026 WL 915596, at *8 (W.D. Okla. Apr. 3, 2026) (although the immigration judge found he had no jurisdiction, his alternative finding of flight risk was not "ultra vires and legally irrelevant"); *Barzola v. Warden*, 2:25-CV-17326, 2025 WL 3443487, at *2 (D.N.J. Dec. 1, 2025).  According to the record, the judge made this finding after "full consideration of the evidence presented."  ECF No. 23-1 at 20.  Therefore, based on the record and evidence presented, Mol received the process he was due.

The immigration judge's finding that Mol is a danger to the community is not reviewable in federal court.  *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

Mol's assertion of a substantive due process violation because of punitive, arbitrary, and excessive detention is conclusory and unsupported.  ECF No. 1 at 10.

Mol's claim that the immigration judge's refusal to exercise jurisdiction is arbitrary and capricious, or contrary to law (ECF No. 1 at 10) fails because the immigration judge issued an alternative finding (ECF No. 23-1 at 20), after consideration of the evidence.  Mol's allegations are conclusory and unsupported by fact or law.  *Id.*

Mol's claim of unlawful interference with statutory rights by denying him a bond hearing also fails, as Mol was provided with a bond hearing.  ECF No. 23-1.

## III.   Conclusion

Because Mol does not establish that his detention is unlawful, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, April 20, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE